UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **LORI SPARKS,** *on behalf of the estate of*, **Joshua C. Klingaman,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )   Case No. 1:20-cv-00187-WCL-SLC |
| **Noble County Sheriff,** *et al.*, | ) ) ) |
| **Defendants.** | |

## OPINION AND ORDER

Before the Court is a motion to compel filed by Defendant Noble County Sheriff[1] on December 7, 2020, seeking to compel the Plaintiff to respond its Interrogatories and Requests for Production. (ECF 21). Defendant has attached a copy of an email correspondence between Defendant's counsel and Plaintiff's counsel regarding the outstanding discovery requests, which Plaintiff's counsel does not appear to have responded to. (ECF 21-2). Plaintiff has also failed to respond to the motion to compel, and her time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3).

However, under Federal Rule of Civil Procedure 37(a)(1), a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37-1(a) adds the requirement that a "separate certification" state "(1)

---

[1] "Defendant" as used in this Order will refer to Defendant Noble County Sheriff, while "Defendants" will mean both the Noble County Sheriff and Defendant Quality Correctional Care, LLC.

1

the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference." "The requirement to meet and confer must be taken seriously, because 'before the [C]ourt can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Hartford v. Schindler Elevator Corp.*, No. 1:09-cv-132, 2010 WL 5463293, at *1 (N.D. Ind. De. 29, 2010) (quoting *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010)).

Here, Defendant did not file the separate certification required by Local Rule 37-1 or certify in the motion that he had conferred or attempted to confer with Plaintiff in an effort to obtain the discovery response without court action. Fed. R. Civ. P. 37 (a)(1). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). While Defendant did attach the email to Plaintiff's counsel regarding the outstanding discovery requests (ECF 21-2), a single email does not constitute an attempt to confer in good faith, *see In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 RM, 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007) ("One email message sent in each direction does not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *see also DeVries v. KT-Grant, Inc.*, No. 2:16-cv-365-RL-JEM, 2017 WL 6017829 (N.D. Ind. May 10, 2017); *Thompson v. City of Fort Wayne,* No. 1:12–cv–183, 2013 WL 2898275, at *1 (N.D. Ind. June 12, 2013); *Forest River Housing, Inc. v. Patriot Homes, Inc.,* No. 3:06-cv-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007).

2

Accordingly, Defendant's motion to compel (ECF 21) is TAKEN UNDER ADVISEMENT, pending Defendant's filing of a certification in compliance with Federal Rule 37(a)(1) and Local Rule 37-1(a). If Defendant fails to file a certification on or before February 12, 2021, the motion (ECF 21) will be summarily DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 29th day of January 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge